IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff ) ) | Civil Action No.: 17-cv-03897 |
| v. ) ) | |
| ESTEE LAUDER COMPANIES, INC. ) ) | |
| Defendant. ) | |

FILED
JUL 17 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") against Defendant, The Estée Lauder Companies Inc. ("Defendant" or "Estée Lauder") (collectively referred to as the "Parties" or individually as "Party"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, as well as the Equal Pay Act of 1963 ("EPA"). The Commission alleges that, through the Parental Leave Policies it adopted on July 1, 2013, Estée Lauder engaged in sex discrimination by providing new fathers with less paid leave for child bonding than it provided to new mothers, including mothers working in the same positions and performing equal work to the fathers, and by denying new fathers return-to-work benefits, such as temporary modified work schedules, provided to new mothers to ease the transition to work after the arrival of a new child and exhaustion of parental leave.[1] Estée Lauder denies that its Parental Leave Policies violated Title VII or the EPA.

EEOC alleges that the above-described employment practices resulted in an unlawful

---

[1] The child bonding leave was separate from, and in addition to, medical leave provided to female employees during pregnancy and after childbirth and those aspects of Estée Lauder's Parental Leave Policies are not challenged in this action.

denial of equal benefits and privileges of employment to Charging Party Christopher Sullivan ("Sullivan") and a class of two hundred and ten (210) similarly-situated male employees who, as new fathers, allegedly received less child bonding benefits than female employees who were new mothers.

EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in this Consent Decree (the "Decree"), that will resolve EEOC's claims and promote and effectuate the purposes of Title VII and the EPA. This Decree does not constitute an adjudication on the merits of EEOC's claims, and it shall not be construed as either an admission by Defendant of any discrimination in violation of Title VII or the EPA, or as an admission by EEOC that any of its contentions of discrimination lack merit. The Parties, desiring to resolve the action by this Decree, agree and stipulate that this Court has jurisdiction over the Parties, the subject matter of the action, and enforcement of the Decree. The Parties further agree and stipulate that this Court has the authority to enter and to enforce the Decree and that the Decree is final and binding upon the Parties.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and the EPA. Therefore, upon due consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

1. The Decree resolves all claims alleged in the Complaint filed by EEOC in this action.
2. The Decree shall be in effect for a period of one (1) year from the date it is entered by the Court.

## NON-DISCRIMINATION AND NON-RETALIATION

3. Defendant and its successors and assigns are hereby enjoined from adopting any Parental

Leave policies that violate the non-discrimination provisions of Title VII (42 U.S.C. § 2000e-2(a)) and the EPA (29 U.S.C. § 206(d)), and shall not discriminate against employees because of or on the basis of their sex with respect to the provision of parental leave and back-to-work flexibility policies.

4. Defendant and its successors and assigns are hereby enjoined from violating the non-retaliation provisions of Title VII (42 U.S.C. § 2000e-3(a)) and the EPA (29 U.S.C. § 215(a)) for complaints of discriminatory treatment related to the provision of parental leave and back-to-work flexibility policies, and shall not retaliate against any individual because he or she has engaged in protected activity, including by opposing discrimination or participating in an investigation into allegations of discrimination related to the provision of parental leave and back-to-work flexibility policies.

5. Defendant will comply with all applicable record-retention regulations, including those found at 29 C.F.R. § 1602.14. For purpose of this paragraph 5, the final disposition of Charge No. 570-2015-01589 shall be deemed to be the date this Consent Decree expires.

## MONETARY RELIEF

6. In full settlement of monetary damages alleged by EEOC in this case, Defendant will pay to Mr. Sullivan and the additional similarly-situated male employees EEOC alleges were denied equal parental leave benefits (collectively "the class members"), the aggregate sum of one million one hundred thousand dollars ($1,100,000). Payments from this aggregate sum to individual class members will be made by Estée Lauder in accordance with the following protocol:

    a. Whether and in what amount any class member receives a payment from the aggregate settlement sum shall be at the sole discretion of EEOC. EEOC may

3

consider such factors as the class member's charge filing status and the value, based on the class member's earnings, of the additional paid leave denied the class member. EEOC shall specify for Defendant the class members to receive payments and the amounts thereof.

b. In order to receive an initial payment, a class member must execute the specific release attached hereto as Exhibit A. At the time EEOC makes its specification of initial class member payments described in subpart (a), EEOC will provide to Estée Lauder an executed copy of the release for each class member who will be receiving payment.

c. The Parties agree to implement a payment process that promotes an efficient issuance of payments to the class members. Absent unexpected circumstances, EEOC anticipates issuing three payment specifications to Estée Lauder as follows. The first payment specification will be the primary payment specification and identify most of the individuals for whom EEOC will direct payments. The second payment specification will identify any additional individuals who were not included in the first specification. The third and final payment specification will include any supplemental payments EEOC will direct Estée Lauder to make under paragraph 6(f) below. Within thirty (30) days of receipt from EEOC of a payment specification (and executed specific release for an initial payment), Estée Lauder will issue the payment to the class member identified in that payment specification. Estée Lauder shall make payment through its payroll system with payments to current employees being made in the same manner as their wages, and payments to former employees being made by

    check sent by overnight courier to the address provided by EEOC in the payment specification.

d.  Defendant's required employer contributions, including those under FICA, are separate from, and shall not be deducted from, the payment amount specified for each class member. Individual withholding shall be made from the specified payment amount for each class member in accordance with the most recent IRS Form W-4 completed by the class member. Defendant shall report the payment, and applicable withholdings, to the IRS and to each class member via an IRS Form W-2. If the class member is a former employee, the W-2 shall be mailed to the same address specified by EEOC for issuance of the payment.

e.  Defendant shall demonstrate compliance by providing EEOC with proof of issuance of the payment via payroll records and/or copies of checks. Within thirty (30) days of the date Defendant mails checks to the class members, Defendant shall provide EEOC a list of class members to whom checks were issued along with copies of the checks sent to those class members. If class members do not cash checks within ninety (90) days of the date checks are issued, Defendant shall issue a stop payment order on those checks and provide, within thirty (30) days thereafter, EEOC with a list of class members for whom stop payments orders were made along with the amounts of the checks impacted by the stop payment order.

f.  EEOC's discretion to allocate the aggregate sum of $1,100,000 includes the authority to direct, through subsequent payment specifications, that supplemental payments be made to class members who already received an initial payment,

      including as part of the allocation of residual funds not paid to class members who cannot be located, do not execute a release, and/or do not cash his or her check. In such instances, payments will be directed by EEOC through the third and final payment specification referenced in paragraph 6(c) above and be made by Estée Lauder following the same process and timing described in paragraph 6(c)-(e) above, and execution of an additional specific release by said class members shall not be required.

  g. Defendant shall cooperate with EEOC in effectuating the payments required by the Decree and administering the provisions described above, including by sharing relevant information to assist EEOC in obtaining current contact information for class members.

## NON-MONETARY RELIEF

POLICIES

7. As of May 1, 2018, Defendant has adopted and implemented revised Paid Parental Leave and Back-to-Work Flexibility Policies (the "Revised Parental Leave Policies") for all full-time, U.S-based, Estée Lauder benefits-eligible employees with at least ninety (90) continuous days of employment ("Eligible Employees"), to supersede the policies that are the subject of this action. The Revised Parental Leave Policies eliminate the prior policies' multiple leave categories and benefit levels, and provides all Eligible Employees who are new parents, regardless of gender or caregiver status, the same rights to twenty (20) weeks of paid leave for purposes of child bonding,[2] and the same rights to six (6) week flexibility

---

[2] This paid leave entitlement for child bonding is separate from and starts after any period of leave provided to mothers on account of short-term disability due to pregnancy-related medical conditions, childbirth, or childbirth-related medical conditions.

6

period upon return to work from the parental leave. The Revised Parental Leave Policies' benefits are retroactively available to employees who experienced a qualifying event (*e.g.*, birth, adoption, foster placement) on or after January 1, 2018.

8. Consistent with its Revised Parental Leave Policies, Defendant will administer parental leave and the related return-to-work benefit in a manner that ensures equal benefits for similarly-situated male and female employees and utilizes sex-neutral criteria, requirements, and/or processes.

9. Any modifications to Defendant's Revised Parental Leave Policies, and any successor policies, shall provide equal benefits for similarly-situated male and female employees and utilize sex-neutral criteria, requirements, and/or processes.

EMPLOYEE NOTICE AND POSTING

10. Prior to entry of the Decree Defendant disseminated to all Eligible Employees a copy of the Revised Parental Leave Policies and informational materials agreeable to EEOC that describe: 1) the revised policies and parental benefits; and 2) application, eligibility, and administrative information for seeking and utilizing benefits under the revised policies.

11. Within forty-five (45) days from the date of entry of the Decree, Defendant will post in all places where notices to employees are customarily displayed at any headquarters, distribution or retail facility operated by Defendant the Posting attached hereto as Exhibit B. This Posting shall be maintained for the life of the Decree and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Posting become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Posting are posted in the same manner as heretofore specified. Within thirty (30) days of completion of the required posting, Defendant shall provide

EEOC a copy of the signed Posting and written certification that the Posting has been displayed as required and a statement of the locations (or categories of locations) and date(s) of display.

TRAINING

12. Within ninety (90) days from the date of entry of the Decree, Defendant will provide to all members of its Disability Management Team (DMT), which has primary responsibility for administering, overseeing and/or providing support and guidance concerning the Revised Parental Leave Policies, at least two hours of live in-person or live web-based training covering: 1) federal laws prohibiting discrimination on the basis of sex; and 2) the benefits, criteria, and requirements of the Revised Parental Leave Policies, and the DMT's role and responsibilities in administering the revised policies and supporting people managers and employees in administering the revised policies. Within fifteen (15) days of the completion of the training required by this paragraph, Defendant shall provide EEOC written certification of satisfaction of the requirement, with a description of the manner and content of the training, a copy of training materials, and a roster of all attendees.

13. Within one hundred and twenty (120) days from the date of entry of the Decree, Defendant will provide to all people managers and Human Resources professionals at least one hour of training covering: 1) federal laws prohibiting discrimination on the basis of sex; and 2) the benefits, criteria, and requirements of the Revised Parental Leave Policies, managerial employees' role and responsibilities in administering the policies, and additional sources of information or support in administering the policy. Within forty-five (45) days of the completion of the training required by this paragraph, Defendant shall provide EEOC written certification of satisfaction of the requirement, with a description of the manner and

content of the training, a copy of training materials, and a roster of all attendees (including by position, category or location).

## MONITORING

14. During the term of the Decree, EEOC is authorized to monitor compliance with the Decree, which may occur through inspection of Estée Lauder places of employment, attendance or observance of events required by the Decree, interviews with Estée Lauder employees or representatives, production and inspection of relevant Estée Lauder records, and other investigatory techniques provided for under 42 U.S.C. §§ 2000e-8, 2000e-9 or by EEOC regulation. EEOC shall provide Defendant reasonable advance written notice of its intent to exercise its rights under this paragraph.

## ENFORCEMENT AND COMPLIANCE

15. All claims brought by EEOC against Defendant in the instant action (17-cv-03897 United States District Court for the Eastern District of Pennsylvania) shall be dismissed with prejudice, subject to this Court's jurisdiction to enforce the provisions of this Consent Decree.

16. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree.

17. Upon motion of either Party, this Court may schedule a hearing for the purpose of reviewing compliance with this Decree. Prior to such motion, the Party seeking compliance shall notify the other Party, in writing, of the alleged non-compliance. Upon receipt of such written notice, the Party alleged to be in non-compliance shall have fifteen (15) days to either correct (or if not capable of being corrected in that time-period, commence the actions needed to effectuate correction) the alleged non-compliance, and so inform the moving

Party, or deny the alleged noncompliance in writing.

   a. If the Parties cannot in good faith resolve their dispute, the Party alleging non-compliance may file with the Court a motion to correct and remedy the alleged non-compliance or breach;

   b. Each Party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action.

## MISCELLANEOUS

18. All notices, communications, certifications, or reporting required by this Decree shall be provided to:

   a. If required from EEOC to Estée Lauder:

   > John M. Nolan, Esq.
   > Jackson Lewis P.C.
   > 1601 Cherry Street, Suite 1350
   > Philadelphia, PA 19102
   > NolanJ@JacksonLewis.com

   b. If required from Estée Lauder to EEOC:

   > Thomas D. Rethage, Esq.
   > EEOC Senior Trial Attorney
   > 801 Market St., Suite 1300
   > Philadelphia, PA 19107
   > thomas.rethage@eeoc.gov

19. The Commission and Defendant shall bear their own costs and attorneys' fees in connection with the action resolved by this Decree.

20. Nothing in this Decree shall be deemed to create any rights on the part of non-parties to enforce this Decree. The right to seek enforcement of this Decree is vested exclusively in the Parties.

21. This Decree constitutes the entire agreement and commitments of the Parties. Any

modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendant and EEOC and approved by the Court.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| Debra M. Lawrence<br>Regional Attorney | John M. Nolan<br>Jackson Lewis P.C. |
| Maria Luisa Morocco<br>Supervisory Trial Attorney | /S/<br>Philip B. Rosen<br>Jackson Lewis P.C. |
| Thomas D. Rethage, Jr.<br>Senior Trial Attorney<br>EEOC Philadelphia District Office | /S/<br>Francis P. Alvarez<br>Jackson Lewis P.C. |

**SO ORDERED.**

Signed and entered this 17 day of July, 2018.

Hon. John R. Padova
United States District Court Judge