IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | Civil Action No.: 17-cv-03897 |
| v. | ) ) | |
| ESTEE LAUDER COMPANIES, INC. | ) ) | |
| Defendant. | ) | |

### SUPPLEMENTAL CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission") against Defendant, The Estée Lauder Companies Inc. ("Defendant" or "Estée Lauder") (collectively referred to as the "Parties" or individually as "Party"), alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, as well as the Equal Pay Act of 1963 ("EPA"). Estée Lauder denies that its Parental Leave Policies violated Title VII or the EPA.

The Parties desired to resolve the action by entering into a Consent Decree that was final and binding on the Parties. The Consent Decree was accepted and entered in the above-captioned action on July 17, 2018 (Docket No. 19). The Consent Decree described the class as Charging Party Christopher Sullivan ("Sullivan") and two hundred ten (210) similarly-situated male employees who, as new fathers, allegedly received less child bonding benefits than female employees who were new mothers.

After the Court's entry of the Consent Decree on July 17, 2018, the Parties became aware of additional class members who were not previously identified because, in most instances, their parental leave occurred without the normal paperwork having been completed.

The Parties have agreed to communicate about all additional class members and, if appropriate, add these additional individuals to the class and issue payments to them in accordance with the same formula the Parties used to calculate the settlement for the 211 original class members set forth in Paragraph 6 of the Consent Decree.

All other rights and obligations of the Parties, set forth in the Consent Decree, that have not been addressed in this Supplemental Consent Decree are incorporated herein by reference.

The undersigned counsel of record hereby consent to this Supplemental Consent Decree and further agree that it operates to supplement that which is contained in the Consent Decree. Together with the Consent Decree, this Supplemental Consent Decree constitutes the entire agreement and commitment of the Parties[1]. Any modifications to the Supplemental Consent Decree or the Consent Decree must be mutually agreed upon and memorialized in a separate writing signed by Defendant and the EEOC.

| FOR PLAINTIFF: | FOR DEFENDANT: |
|---|---|
| */s/ Debra M. Lawrence* <br> Debra M. Lawrence <br> Regional Attorney | */s/ John M. Nolan* <br> John M. Nolan |
| */s/ Thomas D. Rethage, Jr.* <br> Thomas D. Rethage, Jr. <br> Senior Trial Attorney <br> EEOC PHILADELPHIA DISTRICT OFFICE | */s/ Philip B. Rosen* <br> Philip B. Rosen <br><br> */s/ Francis P. Alvarez* <br> Francis P. Alvarez <br> JACKSON LEWIS P.C. |

Dated: November 21, 2018

---

[1] This Supplemental Consent Decree does not extend the one-year period for which the Consent Decree is in effect.

**SO ORDERED.**

Signed and entered this \_\_\_ day of _____, 2018.

_____
Honorable John R. Padova
United States Court District Judge